UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGELA HEARN, etc.,

    Plaintiff,

v.                              CASE NO. 3:25-cv-525-MMH-SJH

AANIIIH NAKODA FINANCE, LLC, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Renewed Motion for Clerk's Entry of Default Against Defendant Total Management, Inc. and Incorporated Memorandum of Law ("Motion"). Doc. 37. The Motion is due to be **denied without prejudice**.

As the Motion acknowledges, proof of proper service is a prerequisite to entry of a clerk's default. *See id.* at 2; *see also Staley v. Health First, Inc.*, No. 6:24-cv-621-CEM-LHP, 2024 WL 2815858, at *1 (M.D. Fla. June 3, 2024). The Motion contends that service was effected on Total Management, Inc.'s ("TMI") registered agent, The Corporation Trust Company ("Registered Agent"). Doc. 37. Though proper service on Registered Agent would be permissible, the Motion fails to adequately explain how such service was properly effected.

The Motion asserts that: (i) "[a]n employee" of Registered Agent, Robin Hutt-Banks ("Ms. Hutt-Banks") accepted service on behalf of TMI; and (ii) "both

Delaware and Florida law permit service on a corporation in the manner effected by Plaintiff[.]" Doc. 37 at 3.

There are a few shortcomings. First, the process server's return of service contains only the conclusory and unexplained assertion that Ms. Hutt-Banks "is designated by law to accept service of process on behalf of" Registered Agent. Doc. 25. There is no indication of her relationship with Registered Agent and/or *how* she is an appropriate person for service on Registered Agent. *Cf. Cacho v. Mod. Concepts Constr. LLC*, No. 6:23-CV-1316-PGB-LHP, 2024 WL 5323733, at *1 (M.D. Fla. Jan. 4, 2024), *RCI Hosp. Holdings, Inc. v. Junkyard Saloon/Bombshell's Tavern LLC*, No. 6:19-cv-972-Orl-37EJK, 2020 WL 1934187, at *2 (M.D. Fla. Apr. 22, 2020). The Motion's representation that Mr. Hutt-Banks is an "employee" is made without record support.

Even assuming Ms. Hutt-Banks was an employee of Registered Agent, Plaintiff's Motion is deficient. Plaintiff correctly cites that service may be proper if validly made under the laws of Florida (where this action is pending) or Delaware (where service was made). *See* Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1). And Plaintiff is generally correct (though with an incorrect citation)[1] that, under Florida law, service on a registered agent may be effected by serving an employee of the registered agent. *See* Doc. 37 at 2; *see also* Fla. Stat. § 48.091(4). But Plaintiff has not attempted to show that TMI is registered in Florida, that TMI has appointed Registered Agent as its registered agent *under Florida law*, and/or that service was

---

[1] Plaintiff cites to Fla. Stat. § 48.081(3)(a), but such citation appears to be in error.

2

made or attempted "pursuant to" the Florida statute that authorizes service on an employee of a registered agent under Florida law. So, while service can be made in accordance with Florida law, Plaintiff fails to explain how such law, by its terms, applies.

Finally, Plaintiff, who contends TMI is a Delaware corporation and that Registered Agent is TMI's registered agent under Delaware law, does not explain how delivery to Ms. Hutt-Banks complied with Delaware law for service. *See* Doc. 37 at 2.[2]

Accordingly, Plaintiff's Motion (Doc. 37) is **denied without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on September 10, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

---

[2] Plaintiff cites generally to the Delaware statute for service on corporations, arguing that service on Registered Agent is sufficient under Delaware law. *See* Doc. 37 at 2 (citing 8 Del. Code § 321). But the issue Plaintiff must explain is how delivery to Ms. Hutt-Banks was sufficient for service on TMI under Delaware law. Perhaps it was, perhaps it was not, but Plaintiff's passing and undeveloped argument is insufficient to show proper service under Delaware law. *See, e.g., Cousins v. Sch. Bd. of Orange Cnty., Fla.*, 687 F. Supp. 3d 1251, 1280 (M.D. Fla. 2023).

3